UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIF S. ABDULLAH,<br><br>    Plaintiff,<br><br>    v.<br><br>DACUYCUY, et al.,<br><br>    Defendants. | No. 2:19-cv-0804 TLN DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff's allegations arose while he was incarcerated at California Health Care Facility ("CHCF") in Stockton, California. He names the following individual defendants: Registered

Nurse ("RN") Dacuyuy, RN Kristen, RN Imatong, RN R. Hortizuela, RN Jessica Halepota, RN Postadan, and RN Debra Mutopo. Plaintiff brings a claim for violation of his Eighth Amendment rights and a state law "intentional negligence" claim. He seeks damages.

Plaintiff's allegations may be fairly summarized as follows:

On July 16, 2018, plaintiff underwent a total right-knee replacement surgery at Sonoma Valley Hospital ("SVH") by Dr. Michael Brown. Plaintiff was discharged back to CHCF on July 18, 2018, with discharge orders from Dr. Brown that plaintiff be provided a waterproof bandage any time he showered.

Between July 19, 2018, and August 13, 2018, the seven named registered nurses were assigned to provide plaintiff with post-operative care. At least three of these seven nurses did not comply with Dr. Brown's discharge order by refusing to provide a waterproof bandage when plaintiff showered. As a result, plaintiff's surgical wound became infected within a week.

On July 30, 2018, plaintiff's wound became "noticeably infected": swollen and discolored (deep red in color). Between July 30, 2018, and August 6, 2018, at least two of the surgical staples burst open and pus-like fluid began to ooze from the infected wound. The wound continued to discharge large amounts of pus-like fluid mixed with varying amounts of blood. Within one-to-two days of the first signs of infection, plaintiff became increasingly unaware of his surroundings and his infection.

On August 13, 2018, plaintiff saw Dr. Brown in a tele-medicine appointment during which the doctor "was horrified to see the week-long process in [plaintiff's] knee." Almost immediately, plaintiff was transported to the SVH emergency room where Dr. Brown operated on plaintiff that same day. This surgery required Dr. Brown to remove the permanent knee-replacement, scrape out the infected and necrotic tissue from the knee cavity, clean out the cavity, and insert a temporary knee-replacement. Dr. Brown determined that plaintiff had two pathogens in his infected knee that took three months to clear. During that time, plaintiff lost approximately 18 pounds, suffered further pain and injury, and was forced to endure a second knee replacement surgery.

Plaintiff later underwent a second right-knee replacement at SVH, following which the registered nurses assigned to his care at CHCF ensured that his wound was covered with a waterproof bandage during each shower.

**IV.     Discussion**

    **A.  Eighth Amendment Medical Indifference**

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff has a compelling claim for medical indifference. The problem, though, is his inability to identify which of the named defendants allegedly violated his constitutional rights. The seven registered nurses who are named in this action worked at CHCF during the relevant period, but plaintiff admits that he is not certain which of these nurses was actually involved in his health care because prison officials have refused to provide him with a list of the nurses who actually cared for him or any of the Nurse's Progress Notes concerning his post-surgical care. Indeed, plaintiff claims that "[t]here are possibly others."

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

////

Since plaintiff has been unable to specify the proper individuals, his Eighth Amendment claims may not proceed. However, he will be given an opportunity to amend this claim to properly identify those individuals who provided medical care to him post-surgery.

**B. California State Law "Intentional Negligence"**

Plaintiff's second claim alleges that the defendants were "intentionally negligent" in violation of California law. California does not have an "intentional negligent" claim. Insofar as plaintiff seeks to present a negligence cause, the elements of it are: "(1) a legal duty to use due care; (2) a breach of such legal duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Megargee v. Wittman, 550 F. Supp. 2d 1190, 1209 (E.D. Cal. 2008) (citations omitted)).

This claim is also subject to dismissal because plaintiff has not pled compliance with the California Government Claims Act ("GCA"), which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov't Code §§ 905.2, 911.2, 945.2, 950.2; Munoz v. California, 33 Cal. App. 4th 1767, 1776 (1995). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings Cnty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Thus, in order to state a tort claims against a public employee, plaintiff must allege compliance with the GCA and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims. Bodde, 32 Cal. 4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. Karim-Panahi, 839 F.2d at 627.

////

////

## V. Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

////

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days from the date of service of this order, plaintiff must file either:

    a. a first amended complaint curing the deficiencies identified by the Court in this order. *If plaintiff intends to pursue this option but remains unable to properly identify the nurses who treated him because prison officials continue to deny him access to his own medical records, plaintiff shall submit a notice to that effect*;

    b. a notice of election to stand on the complaint; or

    c. a notice of voluntary dismissal, and

4. If plaintiff fails to respond to this Order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: January 28, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/abdu0804.scrn