1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  R. LAWRENCE BRAGG, State Bar No. 119194
   Supervising Deputy Attorney General
3  JAMES MATHISON, State Bar No. 149387
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-6274
6    Fax: (916) 324-5205
     E-mail: James.Mathison@doj.ca.gov
7  *Attorneys for Defendants
   Hortizuela, Dacuycuy and Mutopo*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **HANIF S. ABDULLAH,** | 2:19-cv-00804-TLN-DB (PC) |
| Plaintiff, | **OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |
| v. | |
| **DACUYCUY, et al,,** | **[RE: ECF NO. 60]** |
| Defendants. | |

## INTRODUCTION

In this prisoner civil rights action, Plaintiff Hanif Abdullah asserts § 1983 medical deliberate indifference claims and state law negligence claims. Plaintiff sues three prison nurse Defendants who treated him at the California Health Care Facility (CHCF), when Plaintiff returned there after having knee replacement surgery in July of 2018. Defendants Hortizuela, Dacuycuy and Mutopo moved for summary judgment. The Magistrate Judge's Findings and Recommendations properly concluded that summary judgment should granted in favor of Defendant Mutopo. However, the Findings and Recommendations incorrectly determined that summary judgment should be denied for the claims against Defendants Hortizuela and Dacuycuy, and to that extent the Court should decline to adopt them for the following reasons.

1

First, for the deliberate indifference claims against Defendants Hortizuela and Dacuycuy, even with the evidence of Plaintiff's version of the events that are cited in the Findings and Recommendations, no reasonable jury could find that Defendants were deliberately indifferent. Second, the Court should grant summary judgment on all claims because Plaintiff cannot prove medical causation, which is a required element of both the deliberate indifference and the negligence claims. Third, for the medical negligence claims, Plaintiff has not established a professional standard of care and breach of that standard by Defendants. These are necessary elements of the medical negligence claims. Finally, if for any reason the Court does not grant summary judgment on the medical negligence claims for lack of a showing on duty, breach of duty and causation, the Court should grant summary judgment on these claims because Defendants are immune from liability under California Government Code section 845.6, a matter which the Findings and Recommendations do not fully address or consider.

## ARGUMENT

**I. PLAINTIFF'S EVIDENCE DOES NOT SUPPORT A JURY FINDING THAT DEFENDANTS DACUYCUY OR HORTINZUELA WERE DELIBERATELY INDIFFERENT.**

In their summary judgment motion, Defendants presented as undisputed facts all of Plaintiff's medical records-documented encounters with prison medical staff, including themselves, from the time Plaintiff returned to CHCF following his knee surgery at an outside hospital on July 16, 2018, through the time Plaintiff was sent back to the hospital for treatment of a knee infection on August 13, 2018. (ECF No. 52-2 at 2-6 [Facts 2-38].) In opposition to the motion, Plaintiff filed his own declaration. (ECF No. 55-1.) In their reply, Defendants pointed out that many facts stated in Plaintiff's declaration about his encounters with Defendants were contrary to, and not supported by, both Plaintiff's medical records and his deposition testimony. Defendants argued the Court should disregard those facts presented in Plaintiff's declaration, because they are conclusory and self-serving. (ECF No. 57.) The Findings and Recommendations declined to disregard the "contrary" factual statements presented in Plaintiff's declaration, because although the statements were self-serving, they were nevertheless competent evidence in

that they were based on Plaintiff's claimed personal knowledge. (ECF No. 60 at 9.) The Findings and Recommendations then went on to rely wholly on certain of the contrary statements in Plaintiff's declaration about his encounters with Defendants Hortizuela and Ducuycuy, to deny them summary judgment. (*Id*. at 11-12.)

Defendants acknowledge, in making their present Objections, that the Magistrate Judge did not err in considering the contrary statements presented by Plaintiff in his declaration opposing the summary judgment motion. However, having considered the contrary statements, the Findings and Recommendations wrongly conclude that a reasonable jury crediting Plaintiff's version of the events still could find that Defendants were deliberately indifferent. Defendants respectfully disagree, and the Court should too. "Before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 at 251 (1986).

**A.  Defendant Dacuycuy.**

Under Plaintiff's version of the events set forth in his opposition declaration about his encounters with Defendant Dacuycuy, Plaintiff states that on July 31, August 6 and August 7, 2018 he expressed concern to Dacuycuy that his surgical incision site had dehisced. The Findings and Recommendations conclude that under these facts a jury could find Dacuycuy demonstrated deliberate indifference. (ECF No. 60 at 11-12.) Defendants respectfully disagree.

On these facts, Dacuycuy could not be found by a reasonable jury to have been deliberately indifferent. Deliberate indifference requires a showing that Dacuycuy purposely chose a course of treatment that was medically unacceptable under the circumstances and that the choice was made in conscious disregard of an excessive risk to Plaintiff's health. *Toguchi v. Chung*, 391 F.3d 1051 at 1058 (9th Cir. 2004). According to Plaintiff, he expressed concerns about his knee's condition to Dacuycuy, and nothing further. He did not request that Dacuycuy affirmatively do anything. Correspondingly, Dacuycuy did not disregard or deny any such request. Moreover, although the Findings and Recommendations do not mention it in discussing whether or not Ducuycuy was deliberately indifferent, on each of the three referenced encounters Plaintiff also stated that

Dacuycuy removed his dressing so he could shower, told him to wash his knee with soap and water because it would help to keep it clean, and put a new dressing on after he had finished showering. (Plaintiff's Declaration, ECF No. 55-1 at ¶¶ 6, 13, 14.) These are affirmative acts in caring for Plaintiff's incision; they show an intent to help, and not an intent to harm, in Dacuycuy's encounters with Plaintiff.

At the most, Plaintiff's evidence supports a conclusion that Dacuycuy provided negligent care to Plaintiff by her actions cited in the Findings and Recommendations, which does not support a claim for Eighth Amendment deliberate indifference.[1] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Indifference must be substantial; negligence and even gross negligence do not rise to the level of deliberate indifference to serious medical needs. *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062, 1082 (9th Cir. 2013).

**B.    Defendant Hortizuela.**

Under Plaintiff's version of the events set forth in his opposition declaration regarding his encounters with Defendant Hortizuela, Plaintiff states that on multiple occasions in early August of 2018, he told Hortizuela he was concerned about pain in his knee, that the incision site had dehisced, and that there was yellow drainage and blood on the dressing. He further states that Hortizuela taped a garbage bag directly over the knee for Plaintiff to shower. The Findings and Recommendations conclude that under these facts a jury could find Hortizuela demonstrated deliberate indifference, citing *McGuckin v. Smith*, 974 F.2d 1050, 1060-61 (9th Cir. 1992). (ECF No. 60 at 12.)

Defendants respectfully assert that on these facts, Hortizuela could not be found by a reasonable jury to have been deliberately indifferent. Deliberate indifference requires a showing that Hortizuela purposely chose a course of treatment that was medically unacceptable under the circumstances and that the choice was made in conscious disregard of an excessive risk to Plaintiff's health. *Toguchi*, 391 F.3d at 1058. According to Plaintiff, he expressed concerns about his knee's condition to Hortizuela, and nothing further. Plaintiff did not request that Hortizuela

---

[1] For reasons set forth below Plaintiff cannot establish Defendants' liability for his medical negligence claims.

4

affirmatively do anything. Correspondingly, Hortizuela did not disregard or deny any such request. As to taping a garbage bag over the incision for Plaintiff to shower, this shows affirmative care action—to prevent the location from getting wet from the shower—which is the opposite of deliberate indifference.[2] Plaintiff does not state that he ever objected to Hortizuela taping the garbage bag on for showering, or that he asked her to do something different to keep his knee dry while showering. Nor is there any evidence that what Hortizuela did was improper. Thus, the Findings and Recommendation's reliance on *McGuckin*'s statement that a repeated failure or a single egregious failure to treat an inmate properly may show deliberate indifference, is misplaced.

At the most, Plaintiff's evidence supports a conclusion that Hortizuela provided negligent care to Plaintiff by her actions cited in the Findings and Recommendations, which does not support a claim for Eighth Amendment deliberate indifference. *Wood*, 900 F.2d at 1334. Indifference must be substantial; negligence and even gross negligence do not rise to the level of deliberate indifference to serious medical needs. *Lemire*, 726 F.3d at 1082. For example, with regard to taping on the garbage bags for showering, the only reasonable inference to be drawn is that Hortinzuela did this to keep Plaintiff's knee dry while he showered. Again, that is an intent of affirmative precautionary/preventative care, and not an intent to harm.

## II. CAUSATION.

As set forth in Defendants' summary judgment motion, causation is a required element of both an Eighth Amendment deliberate indifference claim and a state law medical negligence claim. (ECF No. 52-1 at 18-19.) For medical negligence claims, causation must be shown through expert testimony. *Barris v. County of Los Angeles*, 20 Cal. 4th 101, 108 (1999); *Jameson v. Desta,* 215 Cal. App.4th 1144 at 1171 (2013). The Findings and Recommendations conclude there are triable disputes of fact on the issue of causation, specifically pertaining to Defendants' response to Plaintiff's expressed concerns of pain, yellow drainage and blood, and that his incision site had dehisced—because they are capable of resolution through lay testimony. (ECF

---

[2] Ironically, the primary focus of Plaintiff's allegations in this action is that Defendants allowed his incision site to become wet, and thereby become infected. See First Amended Complaint, ECF No. 25.

5

No. 60 at 18.) Thus, it appears that the Findings and Recommendations rely on the "layman's common knowledge" exception to the requirement that causation be shown by expert evidence— the same exception referenced in the Findings and Recommendation's discussion about proving the negligence standard of care. For the reasons set forth above, lay testimony and lay opinions alone cannot suffice to show causation, just as they are insufficient to prove the professional standard of care.

Further, the Findings and Recommendations do not address causation from the standpoint of Plaintiff's overall fundamental allegation that Defendants' conduct caused his incision site to become infected, leading to Plaintiff having to return to the hospital for further surgeries. Significantly, Plaintiff's alleged injuries <u>are entirely those resulting from the infection itself</u>. (*See generally*, First Amended Complaint, ECF No. 25; *see also* Motion for Summary Judgment, ECF No. 52-1 at 11-12 [Plaintiff's Allegations].) In support of their summary judgment motion, Defendants provided the opinion of a nursing expert that Plaintiff's infection was likely caused by trauma from Plaintiff's practice of kneeling directly on the floor in prayer five times daily. (ECF No. 52-1 at 18-19.) Although Plaintiff denies that he knelt in prayer during his post-operative care, Plaintiff provides no expert medical testimony concerning any alternative source or pathway for his infection. It is Plaintiff's affirmative obligation to come forward with such evidence, where Defendants have provided an expert's opinion supporting their motion that negates causation arising from Defendants' conduct, and where the Plaintiff has the burden to establish a genuine dispute on causation because it is a necessary element of Plaintiff claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

The question is, did Plaintiff develop the infection from his repetitive kneeling on the floor in prayer? Or from something Defendants did or did not do? Or from prison being a dirty, contaminated and thereby infection-conducive environment? Or from some other source/reason? The Findings and Recommendations avoid this issue, with the confusing sentence: "Setting aside the complaint's allegations that defendants' acts or omissions caused the wound to get wet, thereby causing the infection, disputes of triable fact on the issue of causation exist as to defendants' acts or omissions in response to plaintiff's expressed concerns of pain, yellow

6

drainage, blood, and that his surgical wound had dehisced." (ECF No 60 at 18.) Defendants respectfully assert that the "cause of the infection" matter cannot simply be set aside and dismissed, as was done in the Findings and Recommendations. In the absence of expert evidence that any actions by Defendants caused Plaintiff's incision site to become infected, there is no genuine dispute for trial.

Finally, the causation of Plaintiff's infection in the present case is clearly <u>not</u> something that a jury could find for themselves, based on their layperson's common knowledge. The matter requires medical/scientific expert evidence of what caused the infection, to establish either deliberate indifference or negligence. Plaintiff has presented no such evidence, and therefore Defendants are entitled to summary judgment on all of Plaintiff's claims in this action.

**III.   FOR THE MEDICAL NEGLIGENCE CLAIMS, PLAINTIFF PRESENTS NO EVIDENCE TO ESTABLISH A STANDARD OF CARE, OR DEFENDANTS' BREACH OF THE STANDARD.**

As set forth in Defendants' summary judgment motion (ECF No. 52-1 at 16-17), Plaintiff must make a showing of a duty to meet a professional standard of care, and breach of the duty, as necessary elements of his state law medical negligence claims. *Lattimore v. Dickey*, 239 Cal. App. 4th 959, 968 (CA 6th Dist. 2015); *Johnson v. Sup.Ct. (Rosenthal)* 143 Cal. App. 4th 297, 305 (2006). The applicable standard of care is the "basic issue" in a medical malpractice action and is "peculiarly within the knowledge of experts." *Barris v. County of Los Angeles*, 20 Cal. 4th 101, 108 (1999); *Jameson v. Desta*, 215 Cal. App. 4th 1144, 1171 (2013). (*Id*. at 16.) The Findings and Recommendations initially acknowledge these requirements, and confirm that Plaintiff did not present any expert's evidence of a nursing standard of care or breach of that standard. (ECF No. 60 at 15-16.)

However the Findings and Recommendations then veer away from the well-established expert evidence standard, by erroneously relying on an exception to proving a duty of professional care and breach of the duty via expert testimony—that exception being where the type of conduct required of a defendant under the particular circumstances is within the common knowledge of laymen. (ECF No. 60 at 15-16.) The Findings and Recommendations cite

*Hutchinson v. U.S.*, 838 F.2d 390, 392 (9th Cir. 1988) for the exception. But *Hutchinson* does not address the exception, and instead merely refers to it in a footnote, with a statement that the exception is clearly inapplicable under the facts of that case. *Id.* at 392, fn. 1. The *Hutchinson* decision itself cites to the exception as being set forth under California law in *Landeros v Flood*, 17 Cal.3d 399 at 408 (1976). *Hutchinson*, 838 F.2d at 392, fn. 1. But *Landeros* does not address or involve the exception either, noting that it did not apply on the facts alleged there. *Landeros*, 17 Cal.3d at 410. And, though *Landeros* cites other California cases, none of them appear to raise a circumstance in which the exception was actually used and applied. Thus, it is questionable whether the purported exception exists at all, much less that it exists in the context of the particular circumstances applicable under the facts of the present case.

Even if there were this "layman's common knowledge" exception to the requirement that a duty of medical care and breach of the duty by shown by expert testimony, it clearly does not apply in the present action. Under Plaintiff's version of events that the Findings and Recommendations conclude raise a genuine dispute of material fact, during post-operative care he received from Hortizuela and Dacuycuy at times between August 3 and 10, 2018, Plaintiff told them he was concerned that his incision site had dehisced and of his having increased pain, yellow drainage and blood on the dressing—but they did nothing. (ECF No. 60 at 16.) These care encounters involving the standard of care in addressing a dehisced incision do not amount to "particular circumstances" that are within a layperson's common knowledge—such that they would be able to determine what Defendants should or should not have done when Plaintiff relayed his concerns. Instead, it is a specific medical care issue involving the appropriate response by a health care professional when presented with potential symptoms of an infection. Expert testimony—here specifically as to a nurse's professional duty of care and whether she met that duty in her encounters with Plaintiff--is required. It is not a matter for layperson conjecture and speculation about what the Defendant nurses should have done, and whether or not they acted appropriately.

The Findings and Recommendations cite *Washington v. Yaplee*, No. 1:20-CV-01356-EPG-PC, 2022 WL 7690478, at *9 (E.D. Cal. Oct. 13, 2022), as holding that whether or not Plaintiff

8

had an infection that Defendants recognized <u>is</u> a dispute that can be resolved with lay testimony, rather than with expert testimony, for a medical negligence claim. (ECF No. 60 at 16.) This is incorrect. *Yaplee* was a case involving only Eighth Amendment deliberate indifference claims, and not state law negligence claims. *Yaplee*, 2022 WL 7690478 at *1. Because there were no medical negligence claims asserted, the decision says nothing about a "layman's common knowledge" exception to the requirement of proving medical negligence by presenting a professional standard of care and breach of that standard. Rather, the court in discussing the matter of the need for expert testimony <u>to prove medical deliberate indifference by the defendants</u> noted that unlike in state law malpractice claims, expert testimony may not be mandatory to prove a defendant's culpability. *Id*. at *9.

Plaintiff presented no expert evidence in opposition to the summary judgment motion. Without such evidence, even accepting Plaintiff's version of events about his encounters with Defendants, Plaintiff has not established the elements of a professional duty of care and breach of that duty, which are necessary to prove the medical negligence claims. For that reason, Defendants are entitled to summary judgment.

### IV. DEFENDANTS ARE IMMUNE FROM NEGLIGENCE LIABILITY UNDER CALIFORNIA GOVERNMENT CODE SECTION 845.6.

The Findings and Recommendations are to deny Defendants summary judgment on the state law negligence claims because of immunity under California Government Code section 845.6. However, Defendants are entitled to this immunity, even assuming the "contrary" facts presented in Plaintiff's declaration about his encounters with Defendants (as addressed in Section I, above) are true, and under all of the facts presented in the summary judgment motion.

Based on the facts presented by both sides in the summary judgment motion, Plaintiff had multiple encounters with each Defendant, all of which were in the context of Defendants providing post-operative nursing care, in the form of assessing Plaintiff's post-surgery incision site and providing protective wound care. California Government Code section 845.6 provides that as public employees, Defendants cannot be liable for negligence based on their own acts or

omissions in providing such care to Plaintiff--their only liability can be for failing to summon medical care if they knew or had reason to know that Plaintiff was in need of immediate medical care and they failed to summon it. For Plaintiff's encounters with Defendants Dacuycuy and Hortizuela, nothing about them presents a situation in which Defendants knew or had reason to know that Plaintiff required <u>immediate</u> medical care. In particular, Plaintiff expressed concerns to Defendants that his incision site had dehisced, and on certain occasions he also expressed concerns that he had increased pain, and yellow drainage with blood on the bandage. Plaintiff did not request medical care, and nothing about the concerns Plaintiff expressed shows that he required immediate medical care. Further, the encounters are merely routine dressing removals and then the application of a new dressing after Plaintiff had showered. Defendants performed these care activities, and nothing about them shows a circumstance in which Defendants knew or had reason to know that Plaintiff needed immediate medical attention. The Findings and Recommendations do not address this matter, but the Court in doing so should grant Defendants summary judgment on the medical negligence claims based on Defendants' immunity under California Government Code section 845.6.

If for any reason the Court finds that Defendants could be liable for failing to summon medical care under section 845.6, then Defendants are still entitled to partial summary judgment on the medical negligence claims, for their own acts or omissions in caring for Plaintiff. In their summary judgment motion, Defendants argued that they were entitled to complete negligence immunity (complete being immunity for both failure to summon medical care and for their own acts or omissions in caring for Plaintiff), because their furnishing medical care to Plaintiff for his knee negated liability for simultaneously failing to summon care. Relying on *Washington v. Cnty. of San Diego*, No. 02-CV-0143-LAB (JMA), 2006 WL 8455463, at *7 (S.D. Cal. Sept. 12, 2006), the Findings and Recommendations conclude that Defendants may still be liable for failing to summon medical care even though they were furnishing care. While this may be correct, Defendants are still entitled to summary judgment on Plaintiff's negligence claims for all of their acts or omissions, other than not summoning medical care. This is in accord with *Washington*, where in that case the court granted summary judgment as to all of the plaintiff's negligence

10

claims about the defendant nurses' care of the plaintiff, other than their failure to summon medical care. *Id*. at *13, 20 [discussing the defendant nurses' actions and concluding "Therefore, summary judgment is proper except as regards the alleged delay in summoning outside medical assistance…"(*13)…"The Nursing Defendants' motion for failure to summon medical help is GRANTED in part and DENIED in part: it is DENIED with respect to the claims that they failed to summon outside medical assistance after the decedent Marshawn Washington stopped breathing, but GRANTED as to the remainder of the claim." (*20)].

## CONCLUSION

For the reasons set forth above, the Court should decline to adopt the Magistrate Judge's Findings and Recommendations to deny summary judgment for Plaintiff's claims against Defendants Hortizuela and Dacuycuy. Instead, the Court should grant summary judgment on all of Plaintiff's claims for all three Defendants in this action.

Dated: July 12, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General

*/s/ James Mathison*
JAMES MATHISON
Deputy Attorney General
*Attorneys for Defendants Hortizuela, Dacuycuy and Mutopo*

SA2021302986
37308497.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Hanif S. Abdullah (H00735) v. Dacuycuy, et al.** | No. | **2:19-cv-00804-TLN-DB (PC)** |
|---|---|---|---|

I hereby certify that on <u>July 12, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

**[RE: ECF NO. 60]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 12, 2023</u>, at Sacramento, California.

|  |  |
|---|---|
| Y. Pacheco | */s/ Y. Pacheco* |
| Declarant | Signature |

SA2021302986
37335672.docx