1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HANIF S. ABDULLAH,                        No.  2:19-cv-0804 TLN SCR P

12                 Plaintiff,

13          v.                                  ORDER

14    DACUYCUY, et al.,

15                 Defendants.

16

17          Plaintiff Hanif Abdullah, a former state prisoner, proceeds through counsel with civil

18    rights claims brought under 42 U.S.C. § 1983. Defendants' motion for sanctions in the form of

19    expert witness preclusion and reasonable attorney fees under Rule 26(a)(2) and Rule 37(c)(1) of

20    the Federal Rules of Civil Procedure is before the court.[1] (ECF No. 72.) In a competing motion,

21    plaintiff seeks to modify the scheduling order for expert disclosures and expert discovery, the

22    time for which has otherwise expired. (ECF No. 82.) This case proceeds under Local Rule 230

23    and the court previously found these motions suitable for decision without appearance and oral

24    argument within the meaning of Local Rule 230(g). (ECF Nos. 50, 72, 86.) For the reasons set

25    forth below, the undersigned grants in part and denies in part both motions.

26

27    [1]  This case is referred to the undersigned for pretrial proceedings by Local Rule 302 pursuant to
      28 U.S.C. § 636(b)(1). In addition, the presiding district judge referred defendants' motion to the
28    assigned magistrate judge for handling. (See ECF No. 73.)

                                                    1

1    **I.    Background**

2        Proceeding pro se at the time, plaintiff filed the operative first amended complaint on

3    April 26, 2021. (ECF No. 25.) Therein, plaintiff alleges the defendants—Nurse Hortizuela and

4    Nurse Dacuycuy—provided constitutionally deficient post-operative care to him at California

5    Health Care Facility after his knee replacement surgery in 2018. (Id.) Plaintiff proceeds with

6    Eighth Amendment deliberate indifference and state law negligence claims.

7        In a further scheduling order dated October 26, 2023, the court set a trial date of July 29,

8    2024, and set a pretrial conference for May 2, 2024, both before the presiding district judge. (ECF

9    No. 69 at 2.) The court ordered "[a]ll parties shall serve their expert disclosures within 90 days

10   from the date of this Order [by January 24, 2024]. The deadline for the completion of all expert

11   discovery is thirty days thereafter [February 24, 2024]." (Id. at 1.)

12       Under the same further scheduling order dated October 26, 2023, plaintiff was to file and

13   serve his pretrial statement and any motions necessary to obtain the attendance of incarcerated

14   witnesses at trial on or before March 17, 2024. (ECF No. 69 at 1.) Defendants were to file their

15   pretrial statement on or before March 31, 2024. (Id. at 1-2.) The parties were cautioned that

16   failure to do so could result in the imposition of sanctions. (Id. at 2.)

17       On January 26, 2024, two days after expiration of the deadline for expert disclosures,

18   plaintiff's counsel served an expert disclosure listing Matthew J. Dunn ("Mr. Dunn") and Imam

19   Daud Salaam ("Mr. Salaam") as plaintiff's retained expert witnesses. (ECF No. 72-1, ¶ 2 & Exh.

20   1.) Mr. Dunn was identified to offer his professional opinion regarding the standard of care for a

21   licensed nurse in administering post-surgical wound care and the treatment received by plaintiff.

22   (Id.) Mr. Salaam was identified to provide testimony regarding the flexibility in prayer practices

23   for Muslims, due to defendants' assertions that plaintiff's knee infection was linked to kneeling

24   during prayer. (Id.) Plaintiff did not serve expert reports with the disclosure. (Id.)

25       The parties agreed to extend the time for plaintiff to serve expert reports and for taking

26   expert depositions. On February 6, 2024, the parties jointly petitioned the court for an amendment

27   to the scheduling order and sought additional time for plaintiff to finalize and present his expert

28   reports. (ECF No. 70.) The parties' stipulated motion proposed an extension allowing plaintiff to

submit the expert reports by February 23, 2024, and for both parties to present their experts for depositions by March 15, 2024. (Id. at 2.)

The court did not rule on the parties' stipulated motion to amend the scheduling order prior to the further developments in the case set forth below. Good cause appearing, the court now approves the parties' stipulation, subject to further modification as set forth in this order.

Plaintiff did not serve expert reports by the stipulated extended deadline of February 23, 2024. On February 23, 2024, plaintiff's counsel informed defendant's counsel that plaintiff's non-medical expert, Mr. Salaam, was hospitalized and willing to be deposed with accommodations. (ECF No. 74-1, ¶ 2 & Exh. A.)

Plaintiff's counsel requested a further stipulation for extension of time for submitting the expert reports. (ECF No. 74-1, ¶¶ 4-5.) Defendants did not agree.

On March 3, 2024, plaintiff served another expert disclosure identifying the same two experts (Mr. Dunn and Mr. Salaam), accompanied by an unsigned four-page document which contains Mr. Dunn's curriculum vitae, fee schedule, and a narrative of Mr. Dunn's review of plaintiff's medical records. (ECF No. 72-1, ¶ 9 & Exh. 7.) No materials were attached concerning Mr. Salaam. (Id.)

Mr. Salaam became unable to continue as an expert witness due to increasingly serious health issues. (ECF No. 74-2.) According to Mr. Salaam's declaration, in January 2024, he was prepared to draft his expert report and participate in the deposition process but was hospitalized for most of February 2024. (Id., ¶ 3.) This rendered him unreachable, unable to communicate effectively with plaintiff's counsel, and unable to draft the necessary expert report. (Id., ¶¶ 3-4.) As a result of Mr. Salaam's health issues, he became unable to continue as an expert witness in this case. (Id.; see also ECF No. 89.)

On or about March 12, 2024, Imam Mukil Ali Mohsin ("Mr. Mohsin") agreed to serve as an expert witness on behalf of plaintiff in place of Mr. Salaam.

On March 14, 2024, defendants filed their motion presently before the court seeking to preclude both expert witnesses—Mr. Dunn and Mr. Salaam—from testifying or otherwise supplying evidence at trial. (ECF No. 72.) Defendants also request an order that plaintiff and

plaintiff's counsel pay reasonable attorneys' fees to defendants in the amount of $3,080. (Id.) Plaintiff opposed the motion and included a procedurally deficient request to modify the scheduling order. (ECF No. 74.) Defendants filed a reply. (ECF No. 77.)

Plaintiff failed to timely file plaintiff's pre-trial statement on or before March 17, 2024, as required by the court's scheduling order dated October 26, 2023. On March 28, 2024, defendants filed their pre-trial statement. (ECF No. 78.)

On April 2, 2024, the trial judge ordered plaintiff to show cause why the action should not be dismissed for plaintiff's failure to comply with the court's order to file a pretrial statement. (ECF No. 79.) Plaintiff responded, indicating plaintiff could not submit the pretrial statement due to the unforeseen onset of terminal illness affecting plaintiff's expert, Mr. Salaam. (ECF No. 80.)

The magistrate judge previously assigned to this case denied without prejudice, and as procedurally improper, plaintiff's request in opposition briefing seeking modification of the scheduling order. (ECF No. 81.) On April 11, 2024, plaintiff filed a properly noticed motion to modify the scheduling order. (ECF No. 82.) Defendants opposed the motion. (ECF No. 84.)

By minute order, the trial judge vacated the final pretrial conference and trial dates in the interest of judicial economy, to be reset following an order on plaintiff's motion to modify the scheduling order. (ECF No. 82.)

## II.     Legal Standards

A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). A retained expert must provide a report under Fed. R. Civ. P. 26(a)(2)(B). A party must make these disclosures at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or a court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial. Fed. R. Civ. P. 26(a)(2)(D)(i).

Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (footnote reference omitted). Rule 37(c)(1)'s default or automatic exclusion sanction does not apply, however, if the

failure to disclose was substantially justified or is harmless. <u>See</u> Fed. R. Civ. P. 37(c)(1). Factors to guide the determination whether substantial justification and harmlessness exist may include the following: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." <u>Liberty Ins. Corp. v. Brodeur</u>, 41 F.4th 1185, 1192 (9th Cir. 2022). The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless. <u>Yeti</u>, 259 F.3d at 1107.

In addition, when determining whether to impose Rule 37(c)(1)'s exclusionary sanction, the court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Wendt v. Host International, Inc.</u>, 125 F.3d 806, 814 (9th Cir. 1997). Where an exclusionary sanction "amount[s] to dismissal of a claim," the district court must also consider "whether the claimed noncompliance involved willfulness, fault, or bad faith, and… the availability of lesser sanctions." <u>R & R Sails, Inc. v. Ins. Co. of Pennsylvania</u>, 673 F.3d 1240, 1247 (9th Cir. 2012) (internal citation omitted).

The court may, for good cause, grant an extension of time as follows:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

When analyzing whether a party's neglect in seeking an extension is "excusable," district courts consider the following factors: the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the moving party's conduct was in good faith. <u>See</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Id.</u>

Separately, under Rule 16(b), "good cause" is required for modification of a court's

pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16(b)' s "good cause" standard focuses

on the reasonable diligence of the party seeking the amendment. Noyes v. Kelly Svs., 488 F.3d

1163, 1174 n.6 (9th Cir. 2007); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

609 (9th Cir. 1992) ("The district court may modify the pretrial schedule 'if it cannot reasonably

be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16

advisory committee's notes (1983 amendment)).

"Rule 16 ... recognizes the inherent power of the district court to enforce its pretrial orders

through sanctions." Goddard v. United States Dist. Court, 528 F.3d 652, 657 (9th Cir. 2008)

citing Fed. R. Civ. P. 16(f). Consequently, a party's failure to comply with a scheduling order

exposes the party to "any just orders," including dismissal. Id.

### III.    Discussion

#### A.  The Parties' Arguments

Defendants argue plaintiff's failure to properly disclose experts for trial is not

substantially justified and that plaintiff has not served any proper expert reports. (ECF No. 72 at

6-7.) Plaintiff responds that good cause exists to modify the scheduling order because Mr.

Salaam's illness was unforeseen and beyond plaintiff's control. (ECF No. 74 at 4-5.) Plaintiff

argues he exercised diligence by acting promptly to find a substitute expert, Mr. Mohsin. (Id. at 6;

ECF No. 82 at 7-9.) Plaintiff argues any potential prejudice to defendants is minimized because

they still have ample time to prepare before trial. (Id.)

In reply in support of their motion, defendants argue Mr. Salaam stated in his declaration

he was prepared to draft his report and attend a deposition in January 2024. (ECF No. 77 at 1-2.)

Defendants also argue plaintiff did not act diligently (1) in failing to provide a copy of the report

for the new proposed expert, Mr. Mohsin, (2) in allowing the parties' stipulated extended deadline

for expert reports to expire on February 23, 2024, and (3) in failing to move to modify the

scheduling order prior to missing the deadline for the pretrial statement. (Id. at 3-4.)

Defendants further note plaintiff's opposition to their motion to preclude expert witnesses

made no express opposition as to the medical expert, Mr. Dunn, and argue Mr. Salaam's

1   unavailability did not excuse failures unrelated to Mr. Salaam. (ECF No. 77 at 4; ECF No. 84 at

2   7.) Defendants argue plaintiff failed to show good cause and excusable neglect for missing

3   deadlines and suggest the court should dismiss the case. (ECF No. 84 at 2, 6-8.)

4            **B.  Analysis**

5         Mr. Salaam's hospitalization for most of February 2024 rendered him unreachable and

6   unable to communicate effectively with plaintiff's counsel during that time. This circumstance

7   was unforeseen and beyond plaintiff's control.[2] Although Mr. Salaam indicated he was available

8   in January for plaintiff to have complied with the deadline for serving expert disclosures of

9   January 24, 2024, defendants agreed to extend time for serving plaintiff's expert reports to

10  February 23, 2024. In light of that agreement and Mr. Salaam's hospitalization for most of

11  February 2024, the argument that plaintiff failed to act diligently during January and February is

12  unpersuasive as a basis for expert witness preclusion.

13        The failure to timely disclose Mr. Salaam's expert report was substantially justified under

14  the circumstances, which constitutes good cause and an exception to the otherwise automatic

15  sanction of witness preclusion. See Fed. R. Civ. P. 37(c)(1); Yeti, 259 F.3d at 1106; Bagwell v.

16  CBS Broad. Inc., No. CV 19-8423 DSF (ASX), 2021 WL 9145409, at *2 (C.D. Cal. Oct. 19,

17  2021) ("Courts have consistently allowed the substitution of expert witnesses when unexpected

18  events prevent the designated expert from testifying at trial.").

19        Because the deadline at issue passed without plaintiff timely seeking modification,

20  plaintiff must also establish excusable neglect. See Fed. R. Civ. P. 6(b). As to Mr. Salaam's

21  expert report, plaintiff could not reasonably meet the schedule despite diligence, and therefore

22  demonstrates excusable neglect. Accordingly, plaintiff's motion to modify the scheduling order is

23  granted to allow for proper disclosure of a non-medical expert witness. Defendants' motion to

24  exclude expert witnesses is denied as to Mr. Mohsin or another replacement non-medical expert,

25  ////

26  _____

27  [2]  Although the court at times references "plaintiff's" conduct in this analysis, the focus is on
    whether any neglect of counsel was excusable since plaintiff is held accountable for the acts and
    omissions of chosen counsel. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507

28  U.S. 380, 397 (1993).

1  without prejudice to renewal should plaintiff fail to provide complete expert disclosures within

2  the timeframe granted.

3       However, the court does not find good cause and excusable neglect for plaintiff's failure

4  to properly disclose the medical expert witness, Mr. Dunn, who had no illness or unavailability of

5  any kind. See Fed. R. Civ. P. 6(b)(1). Plaintiff also does not meet the burden to show the failure

6  to disclose the required information as to Mr. Dunn was "substantially justified" or "harmless."

7  See Fed. R. Civ. P. 37(c)(1); Yeti, 259 F.3d at 1106.

8       Expert reports or testimony need not be excluded where a party missed a deadline

9  narrowly, unless other factors strongly favor exclusion. See, e.g., Gene Pool Techs., Inc. v.

10  Coastal Harvest, LLC, No. 5:21-CV-01328-JWH-SHK, 2023 WL 5941757, at *6 (C.D. Cal. July

11  26, 2023) (reviewing cases in the Ninth Circuit and finding a late disclosure harmless where the

12  plaintiff missed the deadline to serve expert reports by only a few days and the court was not

13  aware of any major issues with the expert reports), report and recommendation adopted, No. 5:21-

14  CV-01328-JWH-SHK, 2023 WL 5944139 (C.D. Cal. Sept. 11, 2023). In this case, though,

15  plaintiff did not narrowly miss the deadline and other factors strongly favor exclusion as to Mr.

16  Dunn.

17       Plaintiff does not offer a satisfactory explanation for failing to comply with Federal Rule

18  of Civil Procedure 26(a) as to Mr. Dunn. The court recognizes plaintiff attempted to obtain a

19  stipulation from defendants regarding further extensions of time for expert disclosures; plaintiff

20  did not, however, timely seek modification of the scheduling order for that purpose in a properly

21  noticed motion. Plaintiff also has not provided a reasonable explanation for failing to file a

22  pretrial statement or failing to timely seek modification of the deadlines. Plaintiff did not seek to

23  modify the relevant deadlines until after defendants brought the present motion for sanctions.

24       The crux of plaintiff's argument appears to be that because one of plaintiff's expert

25  witnesses, Mr. Salaam, became ill and unavailable, plaintiff should be excused from failing to

26  comply with other court-ordered deadlines. Such a position is untenable. The two witnesses were

27  to testify on distinct subject matters. Mr. Salaam's illness does not provide a reasonable excuse

28  for plaintiff's failure to meet the deadline to properly disclose Mr. Dunn. Serving an expert's

report and filing a pretrial statement are also distinct tasks. It is significant that plaintiff is not now merely requesting an extension of time, but rather, a retroactive reopening of an expired time period. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990) ("Whereas a request for an extension acknowledges the importance of a deadline, a retroactive request suggests that the party paid no attention at all to the deadline.").

The court considers that the prejudice to defendants is relatively minimal. This action is no longer scheduled for trial, and modification of the scheduling order could allow defendants an opportunity to depose all newly disclosed expert witnesses. However, the ability to depose witnesses does not negate all prejudice and harm. See Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties… is not harmless."). Due to plaintiff's inaction, defendants had to bring their motion to preclude Mr. Dunn, and the institutional client will be billed and required to pay the motion-related expenses. (See ECF No. 72-1 at 2-3.)

Furthermore, plaintiff does not assert plaintiff ever provided defendants with a proper expert disclosure as to Mr. Dunn. Plaintiff did not narrowly miss the deadline and did not act diligently to cure harm and prejudice caused by missing the deadline. Plaintiff has taken a cavalier approach to discovery obligations as to Mr. Dunn and the schedule set forth by the court, which has not been harmless. See Wong, 410 F.3d at 1062; Stamas v. Cnty of Madera, No. 1:09-cv-00753 LJO JLT, 2011 WL 826330, at *4-6 (E.D. Cal. Mar. 3, 2011) (declining to strike expert witness disclosed one day after deadline but excluding expert witnesses disclosed fifteen days late in part because the party failed to include proper reports). Plaintiff also failed to explicitly oppose defendant's motion for sanctions as to Mr. Dunn.

While witness preclusion is a harsh sanction, plaintiff does not propose a lesser sanction and the court does not identify an appropriate lesser sanction. See Merch. v. Corizon Health, Inc., 993 F.3d 733, 741 (9th Cir. 2021) (a noncompliant party must avail himself of the opportunity to seek a lesser sanction). The court is not inclined to order plaintiff, who proceeds in forma pauperis, to pay reasonable expenses as an alternative to the exclusionary sanction. See Fed. R. Civ. P. 37(c)(1)(A) ("In addition to or instead of [the exclusionary] sanction, the court… may

9

1    order payment of the reasonable expenses, including attorney's fees, caused by the failure"); <u>Sun</u>

2    <u>River Energy, Inc. v. Nelson</u>, 800 F.3d 1219, 1225 (10th Cir. 2015) ("the sanctions authorized

3    under Rule 37(c)(1) relate solely to parties, not counsel").

4         Finding a lack of good cause and excusable neglect for plaintiff's failure to properly

5    disclose Mr. Dunn as an expert witness, the court will apply the "self-executing, automatic

6    sanction" of Rule 37(c). <u>Hoffman v. Constr. Protective Servs., Inc.</u>, 541 F.3d 1175, 1180 (9th Cir.

7    2008), as amended (Sept. 16, 2008); <u>see also</u> <u>Johnson</u>, 975 F.2d at 609 ("carelessness is not

8    compatible with a finding of diligence and offers no reason for a grant of relief" under Rule

9    16(b)'s good cause standard). This order does not amount to a dismissal of plaintiff's negligence

10   claims. In denying summary judgment to the remaining defendants, the court found material

11   disputes of fact exist on the negligence claims that are potentially capable of resolution through

12   non-expert testimony. (<u>See</u> ECF No. 60 at 16; ECF No. 63.)

13                      **C.   Request for Reasonable Attorney Fees**

14        Rule 37 contemplates awarding attorney fees as an additional sanction on top of

15   preclusion. <u>See</u> Fed. R. Civ. P. 37(c)(1)(A). However, the preclusion sanction to be applied to Mr.

16   Dunn's expert testimony is adequate, and defendants' motion was not otherwise successful. The

17   court declines to order an award of fees and expenses incurred in bringing the motion.

18        **IV.   Order**

19        In accordance with the above, IT IS HEREBY ORDERED as follows:

20        1.   Defendants' motion to preclude experts (ECF No. 72) is granted as to the

21             exclusion of Mr. Dunn as plaintiff's expert witness and otherwise denied.

22        2.   Defendants' request for reasonable attorney fees is denied.

23        3.   Plaintiffs' motion to modify the scheduling order (ECF No. 82) is granted to the

24             extent that plaintiff may serve expert disclosures for a replacement expert for Mr.

25   ////

26   ////

27   ////

28   ////

                                   10

Salaam within 40 days of the date of this order; the deadline for completion of all expert discovery is 30 days thereafter.

DATED: December 12, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11