UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIF S. ABDULLAH, | No. 2:19-cv-0804-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| DACUYCUY, et al., | |
| Defendants. | |

Plaintiff Hanif Abdullah, a former state prisoner, proceeds through counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendants' amended motion to preclude expert testimony and plaintiff's motion for sanctions based on intentional spoliation of evidence. ECF Nos. 93, 94. For the reasons discussed herein, the court grants defendants' motion and denies plaintiff's motion for sanctions.

**I.      Procedural History**

This case is proceeding on the first amended complaint ("FAC"), which plaintiff filed when he was pro se. The FAC raises an Eighth Amendment deliberate indifference claim against two nurses at the California Health Care Facility, based on their failure to follow post-operative care instructions after plaintiff's July 16, 2018 total right knee replacement surgery.[1] See ECF

---

[1] Defendant Mutopo, also a nurse, was granted summary judgment by order dated July 24, 2023. See ECF No. 63.

No. 26 (screening order). The court also screened in a supplemental state law negligence claim against defendants. ECF No. 26 at 4.

The court issued a Discovery and Scheduling Order on December 7, 2021, setting the discovery cut-off date as May 9, 2022. See ECF No. 41 (DSO). Plaintiff's counsel entered this case on February 21, 2022. ECF Nos. 45-46 (Notice of Appearance and Pro Hac Vice Application).

Defendants' motion for summary judgment was denied, in part, on July 24, 2023. All expert disclosures were required to be served by January 24, 2024 and all expert discovery was to be completed by February 23, 2024. ECF No. 69 (Further Scheduling Order). Pretrial statements were ordered to be filed and a jury trial was set to begin on July 29, 2024 before District Judge Troy L. Nunley. ECF No. 69.

Defendants filed their first motion to preclude expert testimony on March 14, 2024. ECF No. 72. After failing to file a timely pretrial statement, plaintiff filed a motion to modify the Discovery and Scheduling Order on April 11, 2024. ECF No. 82. As a result, the pretrial conference and jury trial dates were vacated on April 11, 2024. ECF No. 83.

On December 12, 2024, the undersigned issued an order granting defendants' motion to exclude plaintiff's medical expert based on plaintiff's failure to comply with Rule 26 disclosures. ECF No. 90. In the same order, the court denied defendants' motion to exclude plaintiff's expert witness, Imam Salaam, or another substitute. However, the court specifically indicated that the denial of defendants' motion was without prejudice to renewal if plaintiff did not complete disclosures of a substitute expert witness within the time provided. ECF No. 90 at 7-8. The court granted plaintiff's motion to modify the Discovery and Scheduling Order "to allow for proper disclosure of a non-medical expert witness" to rebut defendants' assertion that plaintiff's knee damage was caused by him kneeling while praying. ECF No. 90 at 7-8 (emphasis added). The court's modified schedule required Plaintiff to serve expert disclosures for a replacement for Imam Salaam by January 21, 2025. ECF No. 90 at 11. All expert discovery closed on February 20, 2025. ECF No. 90 at 11.

////

## II.     Defendants' Amended Motion to Preclude Expert Testimony

On February 27, 2025, defendants filed an amended motion to preclude the testimony of plaintiff's newly-designated expert witness, Imam Mohsin, pursuant to Rules 26(a)(2) and 37(c)(1) of the Federal Rules of Civil Procedure. ECF No. 93. According to defendants, plaintiff failed to properly disclose this expert witness because they never provided his expert report in accordance with Rule 26(a)(2)(B), and expert discovery has now closed. Absent any expert report, defendants assert that they have been unable to depose Imam Mohsin and are, therefore, denied the ability to effectively cross-examine him at trial. ECF No. 93 at 10. Defendants further submit that Imam Mohsin does not meet the requirements for being considered a non-retained expert who would not be subject to the expert report requirement because he has no personal knowledge of the facts giving rise to this lawsuit. ECF No. 93 at 7-8. Plaintiff's disclosure of this expert witness indicates only that he has studied the Arabic language and theology and has a "thorough understanding of Islamic jurisprudence related to the adaptability of prayer practices." ECF No. 93-1 at 5 (indicating that Imam Mohsin "has over seven years of experience as an Imam in Salinas, California, and holds an AA in Arabic language and a BA in Islamic Theology from the Islamic University of Madinah."). Defendants further request that no further extensions of the expert disclosure deadline be granted in this case. ECF No. 93 at 12.

In his opposition to the motion, plaintiff contends that the substituted witness, Imam Mohsin, is actually a non-retained expert not subject to the reporting requirement of Rule 26(a)(2)(B). ECF No. 96. "Imam Mohsin, a qualified Islamic scholar, is expected to educate the trier of fact on Islamic prayer practices, specifically concerning religious accommodations for individuals with physical impairments." ECF No. 96 at 2. According to plaintiff, plaintiff properly disclosed Imam Mohsin as a non-retained expert on January 17, 2025 and included his qualifications, the scope of his testimony, and a summary of his opinions. Defendants simply chose not to depose him, and this decision should be construed by the court as a waiver of any objection to his testimony at trial. ECF No. 96 at 9.

By way of reply, defendants submit that Imam Mohsin is a retained expert witness because plaintiff's disclosure does not indicate that he ever worked at the prison where the events

giving rise to this lawsuit occurred or that he ever met plaintiff until he had been released from custody. ECF No. 98. Thus, his opinions were not formed "within the normal course of his duties, but instead upon information he analyzed for purposes of the case." ECF No. 98 at 2. Since his testimony is not based on any direct observation of plaintiff's prayer practices or personal knowledge of plaintiff's prayer positions, a written report was required to be submitted by plaintiff along with his designation of this expert witness. ECF No. 98 at 5. Defendants further contend that even as a non-retained expert, plaintiff's disclosure was deficient because it did not contain any facts or opinions that he will testify about or meet the less stringent requirements or Rule 26(a)(2)(C). ECF No. 98 at 5-7. "Nowhere in the disclosure is there any summary of any opinions [Imam] Mohsin will testify to or the facts that those opinions are based on." ECF No. 98 at 8. According to defendants, based on plaintiff's violation of Rule 26's disclosure requirements, Imam Mohsin should be precluded from testifying.

### III. Plaintiff's Motion for Sanctions Due to Intentional Spoliation of Evidence

In this motion, plaintiff seeks sanctions against defendants pursuant to Rule 37 of the Rules of Civil Procedure and Local Rule 251(e) based on allegations that defendants withheld or disposed of pertinent medical records, including nursing notes and photographic evidence of plaintiff's post-surgical progress from August 4th-10th, 2018. ECF No. 94. In support of the assertion of spoliation of evidence, plaintiff relies on two CHCF policies that require medical staff to take photos of inmate patients' wounds in order to document the wound care provided. ECF No. 94 at 5-6; ECF No. 94-2 at 2-10 (Local Operating Procedures for Pressure Ulcer Prevention and Management of Wounds); ECF No. 94-7 at 2-5 (Local Operating Procedures for Wound Care Camera). Plaintiff provides the Wound Care Intake Tool completed by CHCF medical staff for his surgical incision on July 18th-30th, 2018 and August 1st, 2nd, 3rd, 11th, and 12th, 2018. ECF No. 94-2 at 11-16. From these sources, plaintiff deduces that such records from August 4-10th, 2018 must exist but were destroyed by defendants because no such medical records were provided in response to plaintiff's discovery requests. ECF No. 94 at 7-8. The only medical records from this time period concern a prescription refill for Omeprazole, Medication Administration Records and Follow-Up conducted by medical staff who are no longer defendants

in this action, and a follow-up appointment with Dr. Dredar on August 8th, 2018. ECF No. 94-4 at 2-3; 94-6 at 17-25, 28-93; ECF No. 94-8 at 17-18. Plaintiff also indicates that defendants have failed to provide the "audit trail" for the missing medical records that "would provide an electronic record of any deletions, modifications, or removals of plaintiff's medical records. The absence of this crucial electronic log raises a strong inference that CHCF has engaged in deliberate destruction or concealment of evidence to avoid liability." ECF No. 94 at 8. As a sanction, plaintiff requests that the court preclude the testimony of defendants' medical experts, or, in the alternative, strike the defenses to liability and enter judgment for plaintiff, and impose attorneys' fees and costs. Id. at 9.

Defendants' oppose the motion for sanctions because there is no evidence that the purported medical records ever existed and because the motion was filed at least two years late. ECF No. 99. As evidence that no such records ever existed, defendants submit a declaration from a CDCR Health Record Technician II Supervisor explaining that the Electronic Unit Healthcare Records system utilized at CHCF in 2018 did not allow nurses or anyone else to delete medical records. ECF No. 99-3 at 2 (Declaration of S. Fernandez). "If a record is created in error the only options available… are to either strike out the text or to add an addendum. In either case both the edits, and the identity of the person making the edits, is noted on the face of the record." ECF No. 99-3 at 2, ¶ 6. Furthermore, defendants indicate that the CHCF policies cited by plaintiff as evidence of the existence of the missing medical records is entirely misplaced because it was not the regular practice or policy of CHCF nurses to photograph post-surgical incisions. ECF No. 99-2 at 2, ¶ 7 (Dacuycuy Declaration indicating that "these policies relate to ulcers, pressure sores, and other types of wounds as opposed to surgical incisions."); ECF No. 99-4 at 2, ¶ 7 (Hortizuela Declaration). Additionally, defendants request that the court consider revoking the *pro hac vice* status of plaintiff's counsel because the motion "is unwarranted, he did not attempt to meet and confer as required by this Court's Orders, and [he] has consistently shown he is unwilling to abide by the Court's Orders or procedural rules…." ECF No. 99 at 5.

By way of reply, plaintiff submits that his delay in filing the motion was due to the "actual procedural chronology of this case." ECF No. 100 at 2. Rather than file a motion to compel,

plaintiff submitted a Public Records Act request on February 6, 2025 "to address suspected spoliation of critical evidence." ECF No. 100 at 3. Plaintiff submits that no meet and confer was required prior to filing the motion under Local Rule 251(e). Id. at 4. Regarding the substantive evidence submitted by defendants in opposition, plaintiff reiterates that CHCF's wound management policy "required ongoing monitoring and individualized treatment plans for high-risk patients such as Plaintiff." Id. at 5. To the extent that defendants' evidence indicated that the electronic unit health records cannot be deleted, plaintiff argues this is not established unless and until defendants produce the audit trail for plaintiff's medical records. Id. at 6. Plaintiff further argues that the spoliation of this evidence demonstrates the merits of his Eighth Amendment and negligence claims. Id. at 6-7.

### IV. Legal Standards

A party must disclose the identity of any expert witnesses, whether retained or non-retained, who are expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). A retained expert must provide a written report under Fed. R. Civ. P. 26(a)(2)(B). The disclosure requirements for a non-retained expert are more limited but still include a description of "the subject matter on which the witness is expected to present evidence…; and, a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Both of the disclosure requirements for retained and non-retained expert witnesses "share the goal of increasing efficiency and reducing unfair surprise." DeGuzman v. United States, No. 2:12-cv-0338 KJM AC, 2013 WL 3149323, *3 (E.D. Cal. June 19, 2013) (citation and quotation omitted). Additionally, the parties must make these disclosures at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (footnote reference omitted). Rule 37(c)(1)'s default or automatic exclusion sanction does not apply, however, if the failure to disclose was substantially justified or is harmless. See Fed. R. Civ. P. 37(c)(1). Where an exclusionary sanction "amount[s] to dismissal of a claim," the district court must also consider "whether the claimed noncompliance involved willfulness, fault, or bad faith,

6

1  and… the availability of lesser sanctions." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673

2  F.3d 1240, 1247 (9th Cir. 2012) (internal citations omitted).

3      Regarding the motion for sanctions based on spoliation of evidence, this court must

4  determine: "(1) whether the party with control over the evidence had an obligation to preserve it

5  at the time it was destroyed; (2) that the evidence was destroyed with a "culpable state of mind;"

6  and (3) that the destroyed evidence was "'relevant' to the party's claim or defense such that a

7  reasonable trier of fact could find that it would support that claim or defense."[2] Apple Inc. v.

8  Samsung Elecs. Co., 888 F. Supp.2d 976, 989 (N.D. Cal. 2012).

9      **V.    Analysis**

10     **A. Defendants' Motion to Preclude Expert Testimony**

11     Imam Mohsin does not qualify as a non-retained expert, and plaintiff's disclosure fails to

12 meet the requirements for a retained expert. As the authority cited in plaintiff's opposition brief

13 acknowledges, "[T]he critical distinction between retained and non-retained experts is the nature

14 of the testimony the expert will provide, and whether it is based only on percipient knowledge or

15 on information reviewed in anticipation [of] trial." ECF No. 96 at 3 (quoting Montera v. Premier

16 Nutrition Corp., No. 16-CV-06980-RS, 2022 WL 1225031, at *12 (N.D. Cal. Apr. 26, 2022)).

17 Indeed, percipient knowledge appears to be one of the distinctions between retained and non-

18 retained experts universally recognized by federal courts. Neither plaintiff's disclosure of Imam

19 Mohsin nor his opposition brief purports to identify any relevant facts to which Imam Mohsin

20 was a percipient witness. While plaintiff argues that "[c]ourts in the Ninth Circuit recognize that

21 religious scholars and cultural experts often qualify as nonretained experts when they testify

22 about religious beliefs, practices, or accommodations[,]" plaintiff cites no authority in support of

23 this argument. Nor could the court identify any such authority using a combination of Westlaw

24 searches.

25     Under the circumstances presented, Imam Mohsin should have been designated a retained

26 expert. Plaintiff's disclosure failed to provide the required signed report with "a complete

---

[2] Generally, the sanction for the spoliation of evidence consists of an adverse inference instruction to the jury. See Apple, Inc., 888 F. Supp.2d at 992-993.

1   statement of all opinions the witness will express and the basis and reasons for them," as well as
2   "the facts or data considered by the witness in forming them." Merchant v. Corizon Health, Inc.,
3   993 F.3d 733, 739 (9th Cir. 2021) (citing Fed. R. Civ. P. 26(a)(2)(B)(i), (ii)).
4        Based on this conclusion, the remaining issue concerns the appropriate sanction for
5   plaintiff's failure to meet his Rule 26 obligations. If a party fails to provide information or
6   identify a witness as required by Rule 26(a), the default under Rule 37 is a "self-executing,"
7   "automatic" sanction: exclusion of the information or witness from use "on a motion, at a hearing,
8   or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)
9   (emphasis added); Fed. R. Civ. P. 37 advisory committee's note (1993). The party failing to
10  disclose the required information bears the burden of demonstrating their failure was either
11  substantially justified or harmless. Wilson v. Tony M. Sanchez & Co., No. 2:07-cv-0822 JAM
12  GGH, 2009 WL 173249, at *3 (E.D. Cal. Jan. 26, 2009) (citing Yeti by Molly Ltd., 259 F.3d at
13  1106. The court finds that the exclusion of Imam Mohsin is warranted, as the defective
14  disclosure was not substantially justified or harmless. In a previous order, this court emphasized
15  that "[p]laintiff has taken a cavalier approach to discovery obligations as to Mr. Dunn and the
16  schedule set forth by the court, which has not been harmless." ECF No. 90 at 9. That cavalier
17  attitude has once again stalled out this litigation pending resolution of defendants' second motion
18  to preclude expert testimony.
19       This ruling does not preclude resolution of the case on the merits, and the court
20  accordingly need not consider lesser sanctions. See R & R Sails, Inc., 673 F.3d at 1247 (if an
21  exclusionary sanction will "deal[ ] a fatal blow" to a party's claim or defense, a district court must
22  consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and
23  (2) "the availability of lesser sanctions"). Plaintiff's Eighth Amendment and negligence claims
24  may proceed despite this exclusionary sanction based on plaintiff's own testimony as to his
25  prayer practices during the relevant time period to rebut defendants' affirmative defense.
26       **B. Plaintiff's Motion for Sanctions Due to Spoliation of Evidence**
27       Turning to plaintiff's motion for sanctions due to alleged spoliation of evidence, the court
28  first notes that the motion fundamentally misunderstands how medical services are provided

8

within a prison. Plaintiff premises his motion for sanctions on a CHCF policy pertaining to wound care. However, he does not explain how the wound care policy even applies to plaintiff's post-surgical incision and any required medical treatment by defendants. See Scalia v. Cnty. of Kern, 576 F. Supp.3d 703, 716-717 (E. D. Cal. 2021) (holding that the existence of jail cameras, and the fact that, per policy, they should have been recording, was insufficient absent evidence that footage was recorded and transmitted to the servers for storage purposes). Plaintiff makes an unsubstantiated logical leap that because defendants were on duty between August 4th-10th, 2018, they had to have treated plaintiff's medical needs during this time period in accordance with CHCF policy for wound care. However, plaintiff fails to provide any declaration from a medical expert explaining that wound care policies include surgical incisions. Nor does plaintiff himself submit a declaration indicating that he submitted a Health Care Service Request form to be seen by defendants for an infection at his surgical incision site between August 4th-10th, 2018 that would have resulted in the creation of a medical progress note which plaintiff surmises was destroyed.[3] Absent such evidence, plaintiff does not demonstrate spoliation of any evidence by defendants, much less that such destruction was intentional. Plaintiff's "[s]peculative assertions as to the existence of documents do not suffice to sustain a motion for spoliation of evidence." Tri–County Motors, Inc. v. American Suzuki Motor Corp., 494 F.Supp.2d 161, 177 (E.D.N.Y. 2007).[4] The court denies plaintiff's motion for sanctions.

### VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to exclude the expert testimony of Imam Mohsin (ECF No. 93) is GRANTED.

2. Plaintiff's motion for sanctions (ECF No. 94) is DENIED.

---

[3] Plaintiff's medication administration records cannot fill this evidentiary gap regarding plaintiff's development of a post-surgical infection in his knee.

[4] Although the court finds it unnecessary to address defendants' assertion that the motion was untimely filed, the court finds that the timing of plaintiff's motion notable. Rather than file a timely motion to compel, plaintiff waited until defendants filed their second motion to preclude expert testimony before he filed the motion for sanctions based on purported spoliation of evidence.

3. All pretrial and trial deadlines governing this case will be set by subsequent order.

DATED: May 21, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE